*In re* DIANA MCMULLEN *et al.,* Minors.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* GEORGE MOORE *et al.,* Respondents —(DELBERT MCMULLEN *et al.,* Respondents-Appellants).)

(No. 12591;

Fourth District—June 26, 1975.

Lewis, Blickhan, Garrison, Tucker & Longlett, of Quincy, for appellants.

William J. Scott, Attorney General, of Chicago, and Robert J. Bier, State's Attorney, of Quincy (John D. Whitenack, Assistant Attorney General, and Jerry L. Brennan, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Delbert and Rosa McMullen appeal from a trial court order finding them unfit parents, terminating all parental rights, and adjudging their five children wards of the court.

Initially, the McMullens contend that the finding of unfitness on the grounds of substantial neglect and failure to protect the children from conditions within their enviromnent harmful to their welfare is contrary to the manifest weight of the evidence.

The proceedings in this case were instituted after one of the Mc-Mullen children, 4-year-old Terry Moore, was brought to the emergency room of St. Mary's Hospital, Quincy, with multiple injuries. Terry was covered with bruises, had two fractured ribs, three distinct fracture lines on his skull and various scars about his head, and was badly dehydrated. Though his parents disclaimed any knowledge of the fractures and any mistreatment of the child, they could not explain why there had been no attempt to bring Terry to a doctor earlier in connection with the pain he must have experienced from the broken ribs according to the undisputed medical testimony. There is ample testimony in this record tending to show the McMullens were guilty, if not of gross cruelty toward Terry, at least of a shocking neglect of his need for medical care.

Testimony with regard to the other four children also indicates neglect. Though Mrs. McMullen knew the children were given to convulsions, possibly caused by epilepsy, she had not sought medical attention for them. Furthermore, a sixth child not involved in these proceedings had been removed from Mrs. McMullen's custody through court action some years earlier because of repeated injuries resulting in blood clots on the brain and partial paralysis.

■■ The trial judge who heard the McMullens testify had the best opportunity to determine whether their failure to protect the children from harm was a momentary lapse or a continuing course of conduct likely to pose dangers to the children in the future. His finding of unfitness was not contrary to the manifest weight of the evidence.

■■■ The next point urged as error on appeal is the trial judge's refusal to allow defendants' attorney to review a report submitted to the court by the Department of Children and Family Services some 18 months prior to trial. This report was drafted at the court's request pending decision on a petition for visitation. While Illinois courts have often reversed a trial court's decision where written reports utilized at trial were not made part of the record (*In re Bartha*, 107 Ill.App.2d 214, 245 N.E.2d 779; *Harris v. Spencer*, 86 Ill.App.2d 41, 229 N.E.2d 16; *In re Rosmis*, 26 Ill.App.2d 226, 167 N.E.2d 826; *Walter v. Walter*, 61 Ill.App.2d 476, 209 N.E.2d 691), reversal is mandated only where there are indications the omitted material was significant in the lower court's decision. Where, as here, there is adequate independent evidence to support the trial court judge's decision and no indication he relied

upon the challenged report, we can and will assume he considered only admissible evidence and disregarded inadmissible evidence in reaching his conclusion. (*Taylor v. Starkey*, 20 Ill.App.3d 630, 314 N.E.2d 620; *Abraham Lincoln Memorial Hospital Corp. v. Gordon*, 111 Ill.App.2d 179, 249 N.E.2d 311.) Consequently, failure to deliver over the report on discovery and make it a part of the trial record in this case, while error, was harmless error.

Prior to the dispositional hearing which forms the basis of this appeal, Rosa McMullen had been tried and found guilty, after a plea of not guilty, of contributing to the dependency of her minor children by failing to provide said children with proper parental care and guardianship and recklessly neglecting said children. Evidence of this conviction was admitted at trial over the objection of her counsel. On appeal, the defendants contend it was reversible error to admit evidence of a criminal conviction in a subsequent civil proceeding.

■ This court has twice in recent years commented that a record of conviction is not admissible in a later civil action even though based upon the same facts. (*Abraham Lincoln Memorial Hosp. Corp.; Mc-Cottrell v. Benson*, 32 Ill.App.2d 367, 178 N.E.2d 144.) The comment was dictum in both cases, but we believe it to be the correct rule in the ordinary situation. Where, however, as here, the prior criminal conviction is directly relevant on the question of parental fitness, and was obtained in a proceeding between the same parties involved in the custody proceeding, and was not appealed, we hold the conviction is admissible. In *Smith v. Andrews*, 54 Ill.App.2d 51, 203 N.E.2d 160, a parent's prior conviction of burglary was admitted in evidence on the question of parental fitness. The second district noted that the parties were identical in each proceeding, that the defendant had all the ordinary procedural safeguards incident to a criminal trial, including counsel, jury trial, and the right to appeal, and that he had every incentive to defend himself at trial and to appeal. In the instant case, defendants had all these same advantages; moreover, Mrs. McMullen's conviction, based as it was upon a direct breach of her parental responsibilities, was even more relevant to the question of her fitness to retain custody of the children. We hold that the conviction was properly admitted into evidence.

■■ Defendants' last contention is that Delbert McMullen was not allowed to explain fully the circumstances surrounding his plea of guilty to a battery of Terry Moore in an earlier proceeding. Mr. McMullen was allowed to testify that he pleaded guilty as a result of plea negotiations after many charges were filed against him, and only because he had insufficient funds to prosecute all of the actions in question and was at-

tempting to conserve his resources for the battle to regain custody of the children. He was allowed to testify that he had never committed a battery upon Terry Lee Moore, and that he did not recall telling the trial judge at the time of his conviction that he was guilty of that offense. What he was not allowed to do was to introduce into evidence court documents supporting his claim that the plea of guilty was the result of plea negotiations. His manifestations in that regard were never called into issue, and there is no reason to believe that the court doubted them. Consequently, had he been allowed to introduce those court records, there is nothing to indicate that they would have affected the trial judge's considerations one way or another. He also wished to testify that a certain William Caulk, supposed by the respondents to have been a potential key witness in the criminal case had it gone to trial, was nowhere near the McMullen family at the time of the alleged battery. The court rejected this evidence, apparently feeling that it would be relevant only to a relitigation of McMullen's guilt in that battery conviction. Mr. McMullen was given adequate opportunity to explain the circumstances of his guilty plea, and he was in no way prejudiced by the trial judge's decision to exclude the proffered evidence.

Finding no merit in any of defendants' objections on appeal, we affirm the trial court's termination of parental rights.

Judgment affirmed.

SIMKINS, P. J., and GREEN, J., concur.