PATSY BURRIGHT SCOGGIN, as Mother and Next Friend of Clayton Burright, a Minor, Plaintiff-Appellant, v. ROCHELLE COMMUNITY HOSPITAL, Defendant-Appellee.

Second District   No. 2—87—1189

Opinion filed November 22, 1988.

Joseph P. Spiezer, of Rockford, for appellant.

Kostantacos, Traum, Reuterfors & McWilliams, P.C., of Rockford (Kenneth W. Traum, of counsel), for appellee.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Patsy Burright Scoggin (Patsy), as mother and next

friend of Clayton Burright (Clayton), appeals from a judgment of the circuit court of Ogle County entered on a jury verdict in favor of defendant, Rochelle Community Hospital. The parties have raised nine issues on appeal.

Defendant raises two of those issues. Defendant argues that (1) "the failure by the Appellant to set forth in his [sic] argument the pages in the record upon which he [sic] relies operates as a waiver and warrants dismissal of the appeal" and (2) "a second post trial motion filed [by plaintiff] more than thirty days after return of a jury verdict" should have been denied by the trial court. Plaintiff raises the other seven issues. Plaintiff argues that (1) "the verdict of the jury was against the manifest weight of the evidence." Plaintiff also argues that the trial court erred in (2) "failing to find that defendant was negligent as a matter of law," (3) "allowing defendant's expert witnesses to offer opinions based on speculation and conjecture," (4) "allowing warnings from the Physician's Desk Reference to be read into evidence," (5) "allowing each side to present the testimony of six expert witnesses," (6) "refusing to allow plaintiff to call Dr. Komisky [as] an expert witness," and (7) "refusing to allow the plaintiff to testify to the results of medical tests requested by the defendant." We affirm.

Our resolution of the issues on appeal makes a detailed recitation of the facts unnecessary. It is sufficient to note that Clayton was born on January 5, 1976, at about 3:10 a.m. at defendant hospital. He remained in defendant's nursery until 7:15 a.m. on January 7, 1976, when he was transferred to Rockford Memorial Hospital, which had a high risk neonatal care unit, primarily because of seizures Clayton was having. At the time of trial in 1987, the evidence showed that Clayton was mentally retarded and required a great deal of care because of that and other problems. He would be totally dependent on others to care for him for the rest of his life.

At trial, plaintiff presented evidence that defendant had failed to meet its standard of care with respect to Clayton and that this had caused, at least in part, Clayton's condition at the time of trial. Defendant presented evidence that the hospital had met its standard of care and that nothing the hospital did or failed to do had caused Clayton's condition. The jury's verdict was in favor of defendant.

We consider first defendant's contentions that several of the arguments made by plaintiff violate Supreme Court Rule 341(e)(7) by failing to adequately cite to the record or to authority. (107 Ill. 2d R. 341(e)(7).) Although we decline defendant's requests that we dismiss this appeal or strike points I through V of plaintiff's brief, there is a

great deal of merit in defendant's contentions in this regard.

■■ ■ Supreme Court Rule 341(e)(7) requires that the appellant's brief contain a part named:

> "Argument, which shall contain the contentions of the appellant and the reasons therefor, *with citation of the authorities and the pages of the record relied on.*" (Emphasis added.) (107 Ill. 2d R. 341(e)(7).)

It is well settled that the failure to cite authority in support of an argument waives the issue. (*E.g., In re Marriage of Wade* (1987), 158 Ill. App. 3d 255, 270, 511 N.E.2d 156, 167; *In re Marriage of Anderson* (1985), 130 Ill. App. 3d 684, 688-89, 474 N.E.2d 911, 914.) It is also well settled that the failure to cite to the pages of the record relied upon waives the issue argued. (*E.g., Webb v. Angell* (1987), 155 Ill. App. 3d 848, 854, 508 N.E.2d 508, 513-14; *Mielke v. Condell Memorial Hospital* (1984), 124 Ill. App. 3d 42, 48-49, 463 N.E.2d 216, 222; *Farwell Construction Co. v. Ticktin* (1980), 84 Ill. App. 3d 791, 802, 405 N.E.2d 1051, 1060.) As we explained in *Mielke*:

> "Supreme Court Rule 341(e)(7) requires an appellant's brief to contain argument with 'citation of the authorities and the pages in the record relied on.' (87 Ill. 2d R. 341(e)(7).) Strict adherence to the standard is necessary to expedite and facilitate the administration of justice. [Citation.] This court is not obligated to search the record for evidence supporting reversal of the trial court. [Citation.] Failure to comply with Supreme Court Rule 341(e) can operate as a waiver or can warrant dismissal of the appeal (87 Ill. 2d R. 341(e)(7)), and unless reference is made to those portions of the record supporting reversal, the argument will not be considered. [Citation.]" (*Mielke v. Condell Memorial Hospital* (1984), 124 Ill. App. 3d 42, 48-49, 463 N.E.2d 216, 222.)

Plaintiff cites no authority in the argument in her brief that the jury's verdict was against the manifest weight of the evidence. Plaintiff cites to no portion of the record in support of her arguments in her brief that the trial court erred in "failing to find that defendant was negligent as a matter of law"; "allowing defendant's expert witnesses to offer opinions based on speculation and conjecture"; "allowing warnings from the Physician's Desk Reference to be read into evidence"; "allowing each side to present the testimony of six expert witnesses"; and "refusing to allow plaintiff to testify to the results of medical tests requested by the defendant." We therefore will not consider these six issues raised by plaintiff.

The only issue of plaintiff's remaining to be decided is whether

she is entitled to relief because the trial court erred in refusing to allow her to call Dr. Komisky as an expert witness. Plaintiff made no offer of proof as to what Komisky's testimony would have been. She asserts that Komisky had been deposed, but cites to no place in the record containing a copy of the transcript of that deposition. The table of contents of the record in the appendix to plaintiff's brief (107 Ill. 2d R. 342(a)) contains some pages concerning the contents of the record in this case and other pages which appear to concern a totally unrelated case. Despite this deficient table of contents and the lack of a citation in the argument section of plaintiff's brief, we attempted to locate a copy of Komisky's deposition transcript in the record but did not find one.

■■ ■ It is well established that a party is not entitled to a reversal on the ground that evidence was improperly excluded without a showing of what the evidence would have been. (*Yassin v. Certified Grocers of Illinois, Inc.* (1986), 150 Ill. App. 3d 1052, 1066, 502 N.E.2d 315, 326; *Moore v. Farmers Insurance Exchange* (1982), 111 Ill. App. 3d 401, 412, 444 N.E.2d 220, 228.) An offer of proof may be necessary to assess both the admissibility of the proffered evidence (*Moore v. Farmers Insurance Exchange* (1982), 111 Ill. App. 3d 401, 412, 444 N.E.2d 220, 228) and the prejudice resulting from the exclusion (*Yassin v. Certified Grocers of Illinois, Inc.* (1986), 150 Ill. App. 3d 1052, 1066, 502 N.E.2d 315, 326). In the case at bar, an offer of proof was particularly important on the question of prejudice since plaintiff did present the testimony of Dr. Wayne Snodgrass on the subject on which Dr. Komisky would have testified. Under the circumstances at bar, we will not reverse on the basis that the trial court improperly excluded Dr. Komisky's testimony because plaintiff made no offer of proof as to what that testimony would have been.

It is unnecessary to decide whether plaintiff was improperly allowed to file a second post-trial motion more than 30 days after the return of the jury's verdict. This is because our resolution of that question would not affect the outcome of this appeal.

The judgment of the circuit court of Ogle County is affirmed.

Affirmed.

DUNN and WOODWARD, JJ., concur.