*In re* MARRIAGE OF GORDON HUGH ENGELBACH, Petitioner-Appellee, and DONNA YOUNG ENGELBACH, Respondent-Appellant.

Second District   No. 2—88—0699

Opinion filed April 12, 1989.

Virginia Kenney Micheli, of Wheaton, for appellant.

Justin J. Tedrowe, of Woodridge, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Respondent, Donna Engelbach, n/k/a Donna Matthews, appeals from an order of the circuit court of Du Page County modifying a judgment of dissolution of marriage and transferring the custody of her two minor children to petitioner, Gordon Engelbach. Respondent contends that: (1) the trial court erred by admitting evidence that her new husband was convicted of aggravated criminal sexual abuse and criminal sexual assault; (2) the trial court erred in prohibiting her from offering evidence to rebut the facts underlying those convictions; and (3) the trial court's decision was against the manifest weight of the evidence. We affirm.

Petitioner and respondent were married on August 12, 1972, and had two children, Sara, now nine years old, and Christopher, now seven years old. On February 19, 1986, petitioner and respondent obtained a dissolution of their marriage. Pursuant to the terms of a written separation agreement incorporated within the judgment of dissolution, respondent was granted custody of the children.

Prior to the dissolution of her marriage with petitioner, respondent established a relationship with David Matthews. On February 2,

1987, Matthews was convicted of aggravated criminal sexual abuse and criminal sexual assault involving his own minor daughter. The convictions were based on indictments alleging that Matthews touched his daughter's vagina for the purpose of his own sexual arousal and further engaged in an act of sexual penetration with his daughter by placing his penis in her vagina. Matthews was convicted of both charges after he stipulated to the facts underlying those charges. Matthews was sentenced to serve three years' probation with eight months' periodic imprisonment in a work release program. Matthews was also ordered to attend counseling and was prohibited from contacting the victim without court approval.

On February 18, 1987, petitioner filed an emergency motion seeking to enjoin respondent from allowing Matthews to be in the presence of the Engelbach children. Petitioner's motion referred to Matthews' criminal convictions as a basis for the relief sought and was supported by certified copies of the indictments and judgment orders.

On March 30, 1987, petitioner and respondent entered into an agreed order providing that Matthews would only be allowed to be with the children in the presence of another adult. That order further set the cause for a hearing on July 15, 1987. On that date, respondent filed her answer to petitioner's request to admit facts and acknowledged that Matthews had been convicted of aggravated criminal sexual abuse and criminal sexual assault. The trial court continued the agreed order to July 1988.

On May 10, 1988, petitioner filed an emergency motion for temporary custody, child support, and termination of maintenance. Petitioner's motion alleged that respondent and Matthews were married on May 7, 1988. That motion further stated that it was in the best interests of the children for them to be placed in the temporary custody of petitioner. Petitioner also filed a motion seeking permanent custody and child support. The trial court denied petitioner's motion for temporary custody, terminated maintenance, and set the cause for a hearing on June 20, 1988.

On June 20, 1988, the trial court held a hearing on petitioner's motion for a change of custody. The hearing began with the parties arguing cross-motions *in limine*. Petitioner sought to bar respondent from introducing any evidence attacking Matthews' criminal convictions. Petitioner noted that respondent had previously admitted knowledge of the criminal convictions in her answer to petitioner's request to admit facts. Respondent argued that the convictions could not be used against her since she was not the defendant in the criminal proceedings, and, in any event, she was entitled to rebut that evi-

dence. The court then engaged the parties' counsel in the following colloquy:

"THE COURT: Was he convicted as a result of a plea of guilty or as a result of trial?

MS. MICHELI [Respondent's counsel]: There was a stipulation.

MR. TEDROWE [Petitioner's counsel]: Stipulation to the facts underlying. There were 12 indictments. He stipulated to the facts, represented by Attorney Thomas Newman, stipulated to the facts as to a Class X felony and a Class 1 felony, finding of conviction.

MS. MICHELI: I beg your pardon, sir. Not a Class X felony.

THE COURT: Well, I really don't care what the penalty in the criminal case is. I want to know whether or not he pled guilty to the offenses.

MS. MICHELI: Judge, I have a transcript. And under the cases that say these types of stipulations are tantamount to pleas of guilty, he stipulated.

THE COURT: Okay.

MS. MICHELI: But all of the plea language is in there.

THE COURT: And he stipulated, and then he did not present any evidence?

MS. MICHELI: That's correct.

THE COURT: He was found guilty based on his statements?

MS. MICHELI: That's correct.

THE COURT: And his admission of the statement of fact?

MS. MICHELI: That's correct."

The trial court granted petitioner's motion *in limine*, stating:

"Then I will allow the fact that he's been convicted as a result of that procedure in [*sic*]. And I am not going to go into anything behind that.

I don't want to hear the facts of the circumstances. And we are not going to allow anyone to rebut it. The fact is he pled guilty to those types of offenses, and that's all that's germane to this proceeding."

Respondent did not make an offer of proof identifying the evidence she would have presented to rebut Matthews' convictions, and in fact stated that she was "not interested in presenting evidence about [Matthews'] criminal trial," but rather sought only to present evidence about Matthews generally. The trial court held that she would be permitted to do so.

Respondent's motion *in limine* sought to bar introduction of the

criminal convictions. Respondent did not argue this motion and noted instead that the court's ruling on petitioner's motion *in limine* effectively denied her that relief. Respondent also moved to prohibit petitioner's expert from basing her opinion on certain interview reports which were not admissible as evidence. The trial court denied respondent's motion and proceeded with the hearing.

Petitioner testified that he was 42 years old, single, and lived in a single-family residence in Downers Grove, Illinois. Petitioner further testified that he was employed as a high school teacher and earned approximately $51,000 per year. Petitioner stated that he had a "loving and strong" relationship with his children and exercised regular visitation with them. Petitioner testified that while he considered respondent to be a fit parent, he was nonetheless concerned about the entry of Matthews into her family. Specifically, petitioner stated that he initiated this proceeding because Matthews had been convicted of two sex offenses involving his own minor daughter from a previous marriage. Petitioner thereafter described the effect a change in custody would have on the children and specifically outlined his plans for providing for their academic, religious, and social welfare. On cross-examination, petitioner stated that he knew about the allegations against Matthews and of Matthews' relationship with respondent prior to signing the marital separation agreement granting respondent sole custody of the children. Petitioner stated that he nonetheless gave Matthews "every opportunity at that time to be innocent." Petitioner further testified that he did not commence this action until after Matthews was convicted.

Respondent testified as an adverse witness and stated that Matthews moved in with her and the children when he was discharged from the work release program. Respondent further testified that she and Matthews were married on May 7, 1988. Respondent stated that she had complied with the court order prohibiting Matthews from being alone with the children. Respondent further stated that she did not believe Matthews posed any risk to the children. Respondent also testified that petitioner was a good father and a fit parent.

Shirley Robinson, a social worker experienced in child sexual abuse, testified as an expert witness for petitioner. Robinson testified that she reviewed the psychological reports, indictments, case findings, and certain medical reports in evaluating whether Matthews was a danger to the Engelbach children. Robinson concluded that the children were in "some danger of being molested when living with Mr. Matthews." Robinson testified that she was particularly concerned because Matthews had not received treatment for his sexually abusive

behavior. Robinson also testified that the danger was further significant because respondent did not believe that Matthews committed the crimes for which he was convicted. Robinson noted that respondent's attitude would make her less likely to watch for improper contact between Matthews and the children. On cross-examination, Robinson testified that while several psychologists found that Matthews was not sexually dangerous, she disagreed with those conclusions because there was no indication in their assessments that Matthews received any treatment for the sex offenses.

Respondent introduced the testimony of two clinical psychologists who interviewed Matthews. Dr. Katie Gienapp testified that she met with Matthews in April 1987 to evaluate the best interests of his children regarding visitation. Dr. Gienapp stated that she continued seeing Matthews and counseled him as a sex offender. According to Dr. Gienapp, Matthews did not pose any risk to the Engelbach children. In addition, Dr. Roger Hatcher interviewed Matthews to evaluate the danger Matthews posed to the Engelbach children. Dr. Hatcher concluded that Matthews did not pose a risk to the Engelbach children. Dr. Hatcher also testified that Matthews did not understand what he was stipulating to in the prior criminal proceedings. A third clinical psychologist, Dr. Maria Nucci, testified that Matthews had a warm, close relationship with the Engelbach children. Dr. Nucci further testified that she found no evidence of an improper sexual relationship between Matthews and the children.

Respondent testified on her own behalf and characterized her relationship with the children as "loving and trusting." Respondent further testified that she gave the children instructions regarding improper sexual touching and frequently asked them questions about any improper activity. Respondent went on to describe her relationship with the children and expressed reservations about petitioner's ability to provide adequate supervision. Respondent also testified that if the court granted custody to petitioner, she and Matthews would have their marriage annulled or get a divorce.

The trial court ruled that it was in the best interests of the children that custody be transferred to petitioner. The court specifically found that Matthews' presence in respondent's home posed a clear and present danger to the well-being of the children given the fact that he had been convicted of two felony sex offenses. The trial court entered a written order in accordance with that ruling and further set a visitation schedule for respondent. That order also provided that the children should not be left alone with Matthews. Respondent brought this timely appeal.

■ Before reaching the merits of this appeal, we note that respondent's brief is in violation of Supreme Court Rule 341(e)(4)(ii) (122 Ill. 2d R. 341(e)(4)(ii)). That rule, which became effective on August 1, 1988, provides that in all cases appealed to the appellate court, the appellant shall set forth a brief statement or explanation of the basis for the appeal under the heading "Jurisdiction." (122 Ill. 2d R. 341(e)(4)(ii).) Respondent's brief was filed on November 16, 1988, but does not contain a jurisdictional statement as required by Supreme Court Rule 341(e)(4)(ii). While failure to comply with our supreme court rules can result in the waiver of issues on appeal, we have elected not to impose that sanction here given the relative youth of the new rule. However, future violations of this rule will be met with appropriate sanctions.

■ As the instant action involves a post-dissolution modification of custody, it falls under section 610 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1987, ch. 40, par. 610). Section 610(b) of the Act provides, in pertinent part:

> "The court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian, *** and that the modification is necessary to serve the best interest of the child." (Ill. Rev. Stat. 1987, ch. 40, par. 610(b).)

This statute reflects a legislative presumption in favor of the custodial parent in order to promote stability and continuity in the child's environment. (*In re Marriage of Eldert* (1987), 158 Ill. App. 3d 798, 805.) Thus, custody cannot be modified unless the court finds a material change in circumstances of the child or the child's custodian and that transferring custody is in the child's best interests. (158 Ill. App. 3d at 805.) The standard of review for modification of a child custody order after a dissolution judgment becomes final is whether the modification is against the manifest weight of the evidence or constitutes an abuse of discretion. 158 Ill. App. 3d at 805; *In re Marriage of Kading* (1986), 150 Ill. App. 3d 623, 631.

Respondent first contends that the trial court erred in admitting evidence of Matthews' criminal convictions. Respondent acknowledges that as a general rule, evidence of a final judgment entered after a trial or upon a plea of guilty is admissible against the convicted person in a subsequent civil suit. However, respondent argues that she was a third party to the criminal proceedings which resulted in Mat-

thews' convictions and, as such, she should not be bound by those convictions in this civil proceeding to which Matthews is not a party. We disagree.

In support of her position, respondent cites this court's decision in *Smith v. Andrews* (1964), 54 Ill. App. 2d 51, 62, wherein the defendant's prior criminal convictions for robbery and forcible rape were admitted as evidence against him in a subsequent civil proceeding to terminate his parental rights on the grounds of depravity. In *Smith*, the defendant argued that proof of his prior convictions was inadmissible to prove that he actually committed the crimes of which he was convicted. (54 Ill. App. 2d at 57.) The court noted that the defendant pleaded guilty to the robbery charge and, as such, his conviction based on a guilty plea constituted a judicial admission which could be used against him in a subsequent civil proceeding as evidence that he actually committed the robbery. (54 Ill. App. 2d at 57-58.) However, the court went on to address whether his conviction for forcible rape following a trial could be used against him in the same manner. (54 Ill. App. 2d at 58.) The court noted that the defendant's rights were extensively protected in the criminal proceeding and further noted that the standard of proof in that proceeding was much higher than in the subsequent civil proceeding. (54 Ill. App. 2d at 60.) Thus, the court concluded that the differences in procedure weighed more in favor of admissibility than against it. (54 Ill. App. 2d at 61.) The court held that the better rule in such a case was to allow evidence of a prior conviction to be introduced against the convicted person as *prima facie* evidence in a subsequent civil proceeding that the person did in fact commit the crime for which he was convicted. 54 Ill. App. 2d at 61; see also *Thornton v. Paul* (1978), 74 Ill. 2d 132, 151; *In re McMullen* (1975), 29 Ill. App. 3d 284, 287; E. Cleary & M. Graham, Handbook of Illinois Evidence §803.21, at 590-91 (4th ed. 1984).

In the instant action, respondent asserts that, because she was not the person convicted in the prior criminal proceeding, those convictions should not be used against her in this case. Indeed, in announcing the rule set forth above, the *Smith* court expressly stated that it was not deciding a case where one party offers to prove that someone not a party to the civil suit was convicted in a criminal case. (*Smith*, 54 Ill. App. 2d at 59.) In such an event, the court noted, the party against whom the judgment was offered, having not been a party to the criminal case, should not be bound by anything which occurred in that case. (54 Ill. App. 2d at 59.) However, while we recognize that the admissibility of a criminal conviction in a subsequent civil proceeding has been limited to use against the party convicted,

we nonetheless note that such a strict application of the rule in a child custody proceeding following one parent's remarriage would bar introduction of any evidence of the new spouse's criminal record. Such a result in a proceeding primarily concerned with the best interests of the children ignores the purpose of the proceeding and is contrary to common sense.

■ Section 610(b) of the Act provides that the changed circumstances of the child or child's custodian which affect the best interests of the child shall be ground for modifying custody. (Ill. Rev. Stat. 1987, ch. 40, par. 610(b).) A change in circumstances justifying a modification of child custody need not relate solely to the custodial parent, and the remarriage of the custodial parent and subsequent stability of environment are important considerations. (*In re Marriage of Gunter* (1981), 93 Ill. App. 3d 1043, 1049; *Kjellesvik v. Shannon* (1976), 41 Ill. App. 3d 674, 677.) Modification of custody may be proper where the remarriage of the custodial parent affects the welfare of the child. (*Swanson v. Swanson* (1971), 1 Ill. App. 3d 753, 755.) Because the remarriage of the custodial parent results in the children living and associating with the new spouse, evidence bearing on the character of that person is relevant in a custody proceeding. (See *Serotzke v. Serotzke* (1948), 335 Ill. App. 485, 490; see also *Johnson v. Johnson* (1975), 34 Ill. App. 3d 356, 368; *Maroney v. Maroney* (1969), 109 Ill. App. 2d 162, 170.) Accordingly, courts have often granted petitions for modification of custody where the custodial parent remarried someone of questionable character. See *In re Custody of Sussenbach* (1985), 108 Ill. 2d 489, 498-500 (father granted custody where evidence indicated that mother's new spouse was frequently unemployed and had emotional problems); *In re Marriage of Kading* (1986), 150 Ill. App. 3d 623, 632 (father granted custody where evidence indicated that mother's new spouse spent time in jail for molesting his 10-year-old daughter from a previous marriage); *In re Marriage of Gunter*, 93 Ill. App. 3d at 1049 (father granted custody where evidence indicated that mother's new spouse had a drinking problem and was mentally and physically abusive); *Kjellesvik*, 41 Ill. App. 3d at 678 (father granted custody where evidence indicated that mother's new spouse suffered from mental problems); *Maroney*, 109 Ill. App. 2d at 171-72 (father granted custody where evidence indicated that mother's new spouse had been involved in a crime involving moral turpitude and was also receiving psychiatric counseling); *Day v. Day* (1961), 33 Ill. App. 2d 247, 251-52 (father granted custody where evidence indicated that mother's new spouse was convicted of taking indecent liberties with child, and where mother allowed new spouse to have contact

with children after he admitted to improper contacts); *Serotzke*, 335 Ill. App. at 490 (father granted custody where evidence indicated that mother's new spouse was a convicted felon and married the mother while he was still married to another woman).

■ In the instant action, the basis for the trial court's judgment transferring custody of the children to petitioner was respondent's remarriage to Matthews, a convicted sex offender of children. While we do not consider respondent's marriage to an ex-convict sufficient as a matter of law to grant petitioner's motion for custody (see *Van Buskirk v. Van Buskirk* (1974), 19 Ill. App. 3d 647) (abstract of decision), we are nonetheless of the opinion that inquiry into the nature of his prior criminal record is proper. (See *In re Marriage of Kading*, 150 Ill. App. 3d at 632; *Johnson*, 34 Ill. App. 3d at 367-68; *Maroney*, 109 Ill. App. 2d at 170; *Serotzke*, 335 Ill. App. at 490.) Similarly, in *Maroney*, the court rejected the mother's argument that the trial court erred by allowing the father's attorney to cross-examine her and her new spouse concerning a crime committed by her new spouse which involved moral turpitude. (*Maroney*, 109 Ill. App. 2d at 170.) In so ruling, the court noted that the cases cited by the mother did not involve child custody hearings. (109 Ill. App. 2d at 170.) Subsequently, in *Johnson*, the court addressed the propriety of allowing the father to prove up the mother's new spouse's criminal record by having a witness read from a report of the Federal Bureau of Investigation. (*Johnson*, 34 Ill. App. 3d at 367-68.) The court concluded that while introduction of the evidence in that manner constituted hearsay, such evidence was relevant and admissible if properly presented. 34 Ill. App. 3d at 368.

■ Accordingly, we hold that the trial court did not err in allowing petitioner to introduce evidence of Matthews' prior convictions in this child custody proceeding. In so ruling, we are especially cognizant that the trial court was primarily concerned with the best interests of the children. Matthews' relationship with the children would place him in a special position of trust and dominance, particularly while he is residing with the children. Where the custodial parent remarries and brings the new spouse into the home with the children, attention must necessarily focus on the character of the new spouse. To say that such attention may not extend to consideration of the new spouse's criminal convictions because to do so would amount to holding them against a third party is to ignore the primary focus of the proceedings, the safety of the children, and common sense.

Respondent next contends that the trial court erred in ruling that she could not rebut the evidence of Matthews' criminal convictions. We agree.

In *Smith v. Andrews* (1964), 54 Ill. App. 2d 51, 61, the court noted that although evidence of a defendant's prior criminal conviction after a trial could be used against him in a subsequent civil proceeding as *prima facie* evidence that he committed the crime of which he was convicted, equity nonetheless required that the defendant be afforded the opportunity to rebut that evidence. Subsequently, in *In re McMullen* (1975), 29 Ill. App. 3d 284, 287-88, the court concluded that the defendant in a termination of parental rights case was properly allowed to explain the circumstances surrounding his plea of guilty to battery in a prior criminal proceeding.

We agree with respondent that since the defendant in a civil case is allowed to present evidence concerning his conviction in a prior criminal proceeding, such a rule should be equally applicable to a third party against whom another's criminal conviction is used. Here, the trial court expressly ruled that respondent could not present any evidence regarding the criminal proceedings resulting in Matthews' convictions. While we believe that the trial court erred in so restricting respondent's proofs, we do not believe that the error, at least as represented on this record, constitutes a basis for reversal.

■ First, although the trial court barred respondent from introducing any evidence rebutting Matthews' criminal convictions, respondent failed to make an offer of proof concerning what that evidence might include. It is well established that a party is not entitled to a reversal on the ground that evidence was improperly excluded without showing what the evidence would have been. (*Scoggin v. Rochelle Community Hospital* (1988), 176 Ill. App. 3d 648, 651.) In such a case, an offer of proof may be necessary to assess both the admissibility of the proffered evidence and the prejudice resulting from its exclusion. (176 Ill. App. 3d at 651.) Absent an offer of proof in the instant action, this court is without any basis in the record to determine whether the trial court's ruling was prejudicial.

Second, and perhaps most telling, it appears from this record that respondent was *not* in fact precluded from introducing any evidence that she intended to introduce. In the extensive colloquy between the court and the parties' attorneys during the hearing on the motions *in limine*, respondent's attorney represented to the court that she was "not interested in presenting evidence about [Matthew's] criminal trial," but rather sought only to present evidence about Matthews generally. The court held that respondent would be allowed to introduce such evidence, and the record indicates that respondent did present the testimony of three witnesses who opined that Matthews did not pose a danger to the children. In fact, one of those witnesses

further testified that, in his opinion, Matthews did not understand what he was stipulating to in the prior criminal proceedings.

Accordingly, from the record before us, we can discern no error requiring reversal.

Respondent next contends that the trial court's ruling was against the manifest weight of the evidence. Essentially, respondent argues that her witnesses were more credible than petitioner's witnesses and that petitioner's expert did not have a "factual basis" for her opinion. Therefore, respondent contends that reversal is mandated. We disagree.

■■ Determining whether a change in custody is necessary is a matter which rests within the sound discretion of the trial court, and great deference should be accorded that decision since the trial court is in the best position to judge the credibility of the witnesses and determine the needs of the child. (*In re Custody of Sussenbach* (1985), 108 Ill. 2d 489, 498-99.) A reviewing court should not disturb the decision of the trial court unless it is against the manifest weight of the evidence. 108 Ill. 2d at 499.

■■ ■ In the instant action, the trial court received evidence establishing that Matthews had been convicted of aggravated criminal sexual abuse and criminal sexual assault involving his own minor daughter from a previous marriage. In her answer to petitioner's request to admit facts, respondent admitted that Matthews had been convicted of those offenses. The judgment orders from those criminal proceedings further indicated that Matthews stipulated to the facts underlying the charges. Respondent's attorney acknowledged that Matthews' representations in the criminal proceedings were tantamount to a guilty plea, and the trial court in this action concluded that Matthews pleaded guilty to the criminal charges. Where a defendant stipulates to the facts underlying a charge, he makes a binding admission that he did the act alleged, and that admission is admissible in a subsequent civil proceeding. (*Batterton v. Thurman* (1982), 105 Ill. App. 3d 798, 802.) Thus, the court had a sound basis for concluding that Matthews had previously committed acts of sexual abuse and sexual assault on a child under his care.

In addition to the evidence indicating that Matthews was a sex offender of children, the court also heard from witnesses regarding the risk Matthews posed to the Engelbach children. Two witnesses testified that Matthews did not pose a danger to the children, and a third witness testified that there was no evidence of any improper contacts with the children. However, another witness testified that Matthews did pose a risk to the children and specifically stated that it did not

appear from the records provided that Matthews had received any treatment for his sexually abusive behavior. Although that witness did not personally interview Matthews, she did base her opinion on the facts underlying the convictions and the assessment reports of the psychologists who interviewed Matthews. There is nothing in the record before us that would indicate that the trial court abused its discretion in affording petitioner's evidence more credibility than that presented by respondent, and we cannot say that its decision to transfer custody to the petitioner was against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH and WOODWARD, JJ., concur.