*In re* MARRIAGE OF MICHELE M. BURKE, Petitioner-Appellee, and FRANCIS D. BURKE, Respondent-Appellant.

Second District  No. 2—88—1245

Opinion filed July 7, 1989.

David L. Martenson, of Martenson & Associates, of Rockford, for appellant.

Cheri N. Greenlee, of Curtis D. Worden, Ltd., of Rockford, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Respondent, Francis D. Burke, filed a petition to terminate the joint–custody-arrangement provision of the judgment of dissolution of marriage entered on April 22, 1986. Physical custody of respondent's two minor children, Daniel (born June 26, 1979) and Aaron (born April 19, 1974), was to remain with the wife, Michele M. Burke. On March 3, 1987, the husband filed a petition to modify the custody of the minor children, seeking to relocate them to his residence in Wisconsin. He brought his petition pursuant to section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 610(b)). On April 3, 1987, the wife filed a counterpetition to modify the prior custody order and to award her sole custody of the minor children.

After a hearing, the trial court denied both petitions. The husband appeals, arguing that it was error for the trial court to require him to show, by clear and convincing evidence, that there was a change in circumstances and that the only overriding issue was the best interest of the children where both parties agreed to terminate joint custody. For the reasons discussed below, we affirm the judgment of the trial court.

■ Initially, we note that the appellant has failed to provide a satisfactory and complete appendix to his brief as required by Supreme Court Rule 342(a) (122 Ill. 2d R. 342(a)). Apparently, due to appellant's ignorance of the precise scope of the rule, the appendix fails to include the filing or entry dates for each item in the record and the nature of each document or order, as well as the appropriate page references thereto despite the specifications in our order in this case dated April 6, 1989. While we have the inherent authority to dismiss this appeal for noncompliance with the rules, we will proceed to consider the merits in view of the simple facts presented. (See *Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 79.) Despite the failure of appellee to supply a brief, we also consider the merits of this appeal within the guidelines of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

■ The sole issue on appeal is whether the petitioner, after requesting a termination or modification of a prior joint-custody order and where a counterpetition was also filed, must prove a change of circumstances by clear and convincing evidence. Section 610(b) of the Act states:

> "[T]he court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were

unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian, or in the case of a joint custody arrangement that a change has occurred in the circumstances of the child or either or both parties having custody, and that the modification is necessary to serve the best interest of the child. In the case of joint custody, if the parties agree to a termination of a joint custody arrangement, the court shall so terminate the joint custody and make any modification which is in the child's best interest. The court shall state in its decision specific findings of fact in support of its modification or termination of joint custody if either parent opposes the modification or termination." Ill. Rev. Stat. 1985, ch. 40, par. 610(b).

In the present case, the trial court found that the husband was required to show, by clear and convincing evidence, that (1) a change had occurred in the circumstances of the children or either parent since the prior judgment was entered, and (2) that a modification was necessary for the best interest of the children. The husband argues that, since both he and his wife filed petitions seeking sole custody, there was in effect an agreement to terminate the joint custody; therefore, he was not required to show by clear and convincing evidence that a substantial change in circumstances had occurred. The husband relies on *In re Marriage of Lovejoy* (1987), 158 Ill. App. 3d 1, in which the Appellate Court for the Third District determined, without analyzing the purposes of section 610(b) of the Act, that a father was not required to show that a change of circumstances had occurred where the mother had filed a counterpetition seeking sole custody of their child. (158 Ill. App. 3d at 3.) The *Lovejoy* court found that the counterpetition amounted to an agreement to terminate the prior joint-custody agreement. However, the court also determined that there was sufficient evidence to show a change in circumstances. (158 Ill. App. 3d at 3.) The *Lovejoy* court apparently focused on the second sentence of section 610(b), which states that, in the case of a joint custody, "if the parties agree to a termination of a joint custody arrangement, the court shall so terminate the joint custody and make any modification which is in the child's best interest." Ill. Rev. Stat. 1985, ch. 40, par. 610(b).

We believe that, although the *Lovejoy* interpretation is plausible, it disregards the intent and effect of the legislature's repeal of section 603.1 of the Act, which formerly provided for the award of joint custody only when both parties agreed to it. (Ill. Rev. Stat. 1983, ch. 40, par. 603.1, repealed by Pub. Act 84—795, §2, eff. Jan. 1, 1986.) More-

over, the *Lovejoy* interpretation disregards the higher burden of proof imposed by the first sentence of section 610(b), which appears to be applicable in all cases where modification of a prior custody judgment is sought whether there was a joint- or single-parent custody arrangement. (See *In re Marriage of Jones* (1987), 160 Ill. App. 3d 593, 597, citing *In re Marriage of Kartholl* (1986), 143 Ill. App. 3d 228.) The *Jones* court stated:

> "It would strain the imagination to find in that agreed-to provision an intent to waive the statutory burden of proof, as the father argues we should. We conclude that the trial court did not err in using a 'clear and convincing' standard of proof in this case." (*Jones*, 160 Ill. App. 3d at 597.)

Admittedly, in *Jones*, there was no counterpetition involved. But that does not alter our opinion that the burden of proof applies in all cases where a modification of a custody agreement is sought. Our reasoning will be more fully explained below.

■ Historically, joint custody has not always received enthusiastic approval either by the legislature or by the courts. (See Abraham, *An Interpretation of Illinois' New Joint Custody Amendments*, 75 Ill. B.J. 332, 333 (1987); *In re Marriage of Manuele* (1982), 107 Ill. App. 3d 1090, 1094 (joint custody should be rarely awarded).) In 1982, the Illinois legislature passed the first joint-custody law (Pub. Act 82—1002, eff. Sept. 17, 1982), which became section 603.1 of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 603.1). That law also amended section 610(b) to provide for the termination and modification of joint custody upon the agreement of both parties, adding the sentence pertaining to the termination of joint-custody agreements which is the subject of this appeal (the second sentence). Under the provisions of the first joint-custody law, the trial court could not impose joint custody upon the parties without their consent. Therefore, it was logical to require the trial court to summarily terminate a joint-custody arrangement where both parties challenged the prior arrangement. However, Public Act 84—795, section 2, effective January 1, 1986, repealed section 603.1 and replaced it with section 602.1 (Ill. Rev. Stat. 1985, ch. 40, par. 602.1), which now provides that, on its own motion, the trial court may award joint custody, even over the objections of either party, if such an award is in the best interests of the child. (See Ill. Ann. Stat., ch. 40, par. 602.1, Supplement to Historical and Practice Notes, at 32 (Smith-Hurd Supp. 1989).) Thus, while the 1982 statute allowed a parental veto over joint custody immune to judicial discretion, the 1986 statute recognizes that the trial court may impose joint custody in appropriate cases. Despite the legislature's repeal of sec-

tion 603.1 allowing for joint-custody awards only by agreement, the corresponding provision for the termination of joint custody by agreement of the parties found in section 610(b) was not amended or deleted. Apparently, this was an oversight.

The rules of statutory construction require this court to determine and follow the intent of the legislature's acts. (*Carey v. Elrod* (1971), 49 Ill. 2d 464, 471.) It is a cardinal rule of construction that the intent and meaning of a statute are to be determined from the entire statute and each section and provision should be construed in connection with every other part or section. (*Orbach v. Axelrod* (1981), 100 Ill. App. 3d 973, 977-78, citing *Huckaba v. Cox* (1958), 14 Ill. 2d 126, 131.) In addition, all the sections of the statute are to be construed together in the light of the general purpose and plan, the evil intended to be remedied, and the goal to be obtained; if the language is susceptible of more than one construction, the statute should receive the construction that will effect its purpose rather than defeat it. (*Orbach*, 100 Ill. App. 3d at 977-78.) Moreover, the consequences resulting from various constructions of an act must also be taken into consideration, and the court should select the construction which leads to a logical result and avoid the construction which the legislature could not have contemplated. *Orbach*, 100 Ill. App. 3d at 978.

Where two statutes are irreconcilable, the one which was more recently adopted will abrogate the earlier to the extent that they are inconsistent. (*Union National Bank & Trust Co. v. Board of Supervisors* (1978), 65 Ill. App. 3d 1004, 1007-08, citing *Johnson v. State Electoral Board* (1972), 53 Ill. 2d 256, 259.) Furthermore, an implied repeal results when a statute is enacted which cannot be harmonized with the terms and effect of an earlier act. In these situations, the later expression will prevail since it cannot be presumed that the legislature intended to enact laws which are contradictory. *People ex rel. City of Salem v. McMackin* (1972), 53 Ill. 2d 347, 363.

We find that such contradiction exists here. Since the new joint-custody provisions found in section 602.1 of the Act expressly grant the trial court broad discretion to impose joint custody in the best interests of the child even over the objections of the parties, the summary termination of joint custody upon the petition of parties who agree to such a termination is clearly in conflict with the intent and purposes of section 602.1 of the Act. The intent of the legislature to prefer custodial arrangements which maximize the involvement of both parents in the welfare of the child is manifested in section 602(c) of the Act, which states:

"The court shall presume that the maximum involvement and

cooperation of both parents regarding the physical, mental, moral, and emotional well-being of their child is in the best interest of the child. However, such presumption shall not be construed as a presumption that an order awarding joint custody is in the best interests of the child." Ill. Rev. Stat. 1985, ch. 40, par. 602(c) (eff. Jan. 1, 1986).

It would seem illogical that the legislature would grant the trial court broad discretion in awarding joint custody on one hand, while, on the other hand, the legislature would require the court to terminate its prior custody order merely upon the filing of a petition and counterpetition attacking the prior order and without the burden of showing, by clear and convincing evidence, that there is a material change in circumstances and that the modification is necessary to serve the best interests of the child.

■■ ■ We believe that the repeal of section 603.1 of the Act and the enactment into law of section 602.1 of the Act rendered nugatory the second sentence of section 610(b); an implied repeal of that sentence has resulted. This result is supported by the overall policy underlying section 610(b) which is to favor the finality of child-custody judgments and to make modifications more difficult. (*In re Marriage of Wechselberger* (1983), 115 Ill. App. 3d 779, 786.) The effect of this section is to create a legislative presumption in favor of the present custodial arrangement, thereby promoting the stability and continuity of the child's custodial and environmental relationship which should not be lightly overturned. (*In re Custody of Harne* (1979), 77 Ill. 2d 414, 420-21; *Wechselberger,* 115 Ill. App. 3d at 786.) In furtherance of this policy, section 610(b) was amended by Public Act 82—715, effective July 1, 1982, to prohibit the modification of a custody judgment unless the court finds "by clear and convincing evidence" that a change has occurred in the circumstances of the child or his or her custodian and that modification is necessary to serve the best interests of the child. This finding is to be based on facts that have arisen since the prior judgment or facts that were unknown to the court at the time of entry of the prior judgment. All elements must be met. (*In re Marriage of Kartholl* (1986), 143 Ill. App. 3d 228, 231.) In addition, the amended section 610(b) requires a more exacting level or burden of proof than did prior law. Formerly, the court employed the preponderance of the evidence standard normally used in civil matters. *Wechselberger,* 115 Ill. App. 3d at 785-86.

Even if we did not find that the second sentence of section 610(b) regarding agreed terminations of joint custody had been rendered nugatory by implied repeal, we would nonetheless refuse to find that the

joint–custody-termination procedure is an exception to the general rule established in the first sentence. The first sentence prohibits the modification of any prior custody judgment unless the trial court makes the required findings based on clear and convincing evidence shown by the petitioner. To the extent that our determination on this point is in conflict with *In re Marriage of Lovejoy* (1987), 158 Ill. App. 3d 1, we decline to follow the reasoning in that opinion.

We therefore hold that (1) the second sentence of section 610(b) of the Act regarding the agreed termination of a prior joint-custody arrangement is impliedly repealed by the legislative amendments discussed above, and (2) in all cases, parties seeking modification of a prior custody order must make the required showings using the "clear and convincing" burden of proof.

■ In the case at bar, the trial court reasoned that the repeal of section 603.1 of the Act and the enactment of section 602.1 of that act altered the statutory scheme of joint custody so that the trial court was now required to modify a prior joint-custody arrangement only when the petitioner showed, by clear and convincing evidence, that a change had occurred in the circumstances affecting the children or either parent and that the modification was necessary for the best interests of the children. The trial court found that the father's move to Wisconsin was not a material change in circumstances and that it was in the best interests of the children to remain in a joint-custody arrangement so that they could benefit from maintaining their present relationship with both parents. Furthermore, the court's findings were based, in part, upon the testimony of expert witnesses. The trial court ultimately concluded that neither party made the required showings by clear and convincing evidence. We believe that the trial court applied the correct standard of proof, and we therefore affirm.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

LINDBERG and DUNN, JJ., concur.