*In re* MARRIAGE OF WILLIAM A. GOOD, Petitioner-Appellant, and CYNTHIA K. GOOD, Respondent-Appellee.

Third District   No. 3—90—0179

Opinion filed February 8, 1991.

Michael T. Mahoney, Ltd., of Chillicothe (Michael T. Mahoney, of counsel), for appellant.

Edmonds & Laukitis, Ltd., of Chillicothe (John P. Edmonds, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

The marriage of the petitioner, William Good (father), and the respondent, Cynthia Good (mother), was dissolved on October 2, 1987. At that time, the parents were granted joint custody of their minor children, Michelle and Leigh, who were then five and three years old, respectively. Actual physical custody was awarded to the father pursuant to a joint parenting agreement which provided for liberal visitation rights by the mother.

On August 2, 1989, the father filed a petition seeking removal of the children from Illinois to Michigan in accord with a job transfer. Cross-petitions to terminate joint custody were thereafter filed by each party seeking sole custody. Leave was granted father to remove the children by temporary order dated September 13, 1989. The case proceeded to hearing on the petitions, and both parties presented evidence supporting their assertions. After hearing the evidence, the trial court denied the father's petition to remove the children and proceeded to award custody to the mother. The father appeals.

The father asserts that the trial court ignored the change of circumstances standard required by section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (the Dissolution Act) (Ill. Rev. Stat. 1989, ch. 40, par. 610(b)). This section provides:

"The court shall not modify a prior custody judgement unless it finds by clear and convincing evidence, upon the basis of

facts that have arisen since the prior judgement or that were unknown to the court at the time of entry of the prior judgement, that a change has occurred in the circumstances of the child or his custodian, or in the case of a joint custody arrangement that a change has occurred in the circumstances of the child or either or both parties having custody, and that the modification is necessary to serve the best interest of the child. In the case of joint custody, if the parties agree to a termination of a joint custody arrangement, the court shall so terminate the joint custody and make any modification which is in the child's best interest. The court shall state in its decision specific findings of fact in support of its modification or termination of joint custody if either parent opposes the modification or termination." (Ill. Rev. Stat. 1989, ch. 40, par. 610(b).)

The mother argues that *In re Marriage of Lovejoy* (1987), 158 Ill. App. 3d 1, 510 N.E.2d 636, held that when both parents file petitions seeking termination of joint custody, proof of a change in circumstances is not required. In *Lovejoy*, however, the court found that a change in circumstances had in fact occurred. *In re Marriage of Burke* (1989), 185 Ill. App. 3d 253, 541 N.E.2d 245, declined to follow *Lovejoy* on the theory that when the legislature enacted section 602.1 of the Dissolution Act (allowing the court to impose joint custody over the parents' objections), there was an implied repeal of the second sentence in section 610(b) dealing with termination of joint custody by agreement of the parties. Since the court may now order joint custody in appropriate cases over the objections of the parties, it is illogical to apply a different burden of proof in joint custody modification proceedings than where custody has been rested solely in one parent.

We hold that when joint custody is sought to be terminated, the evidence must show by a clear and convincing standard that a change in circumstances has occurred and that the modification is necessary to serve the best interests of the child or children.

In this case the father had moved to Michigan, resulting in an eight-hour car trip to accommodate visitation. The mother had remarried and, at the time of the hearing, had another child. The father had also remarried. His new wife and two stepchildren had become integrated into the father's family unit. One of the children had manifested a speech impediment. The children had adjusted well to their new home and schools in Michigan. All these facts in their totality did result in a change of circumstances which the trial court could have found to have been clearly and convincingly proven from the evidence.

■■ ■ The evidence must also show that a modification of the present joint custody arrangement is in the best interests of the minor children. Since October 2, 1987, the children, by agreement of the parties, have permanently resided with the father. Except for a few minor disputes, the joint custody arrangement has worked well. The father presents a positive moral example. The stepmother is extensively involved in the lives and activities of the children. While the evidence showed two loving parents, each having a good relationship with the children, we believe that the father, as physical custodian, is entitled to the benefit of the presumption favoring the existing custodial arrangement which should not be lightly overturned. (See *Burke*, 185 Ill. App. 3d 253, 541 N.E.2d 245; *In re Marriage of Wechselberger* (1983), 115 Ill. App. 3d 779, 450 N.E.2d 1385; *In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499.) We find that insufficient evidence has been presented in this case to indicate that a modification is necessary to serve the children's best interests. We reverse the trial court's decision terminating joint custody as against the manifest weight of the evidence and order that the joint custody remain in effect with the father as physical custodian.

■■ Finally, regarding petitioner's move to Michigan, sufficient evidence has been presented indicating that the move was made out of necessity, and, in that regard, is in the children's best interests. Moreover, the evidence presented showed that the children's home and school environment in Michigan was at least as good as it was in Illinois. Custodial parents should not be expected to give up careers for the sake of remaining in the same geographical location. We reverse the trial court's denial of the petition to remove the minor children and order that the petition be granted.

The trial court's decision on the petition for rule to show cause is affirmed. The cause is remanded to the trial court for the purpose of fixing child support and modifying visitation.

Reversed in part and remanded in part; affirmed in part.

STOUDER, P.J., and GORMAN, J., concur.