*In re* MARRIAGE OF LAURIE R. McGILLICUDDY, f/k/a Laurie R. Hare, Petitioner-Appellant, and KEVIN M. HARE, Respondent-Appellee.

Third District    No. 3—99—0984

Opinion filed August 22, 2000.

Jeff W. DeJoode (argued), of March, McMillan & DeJoode, of Macomb, for appellant.

Stanley L. Tucker (argued), of Hartzell, Glidden, Tucker & Hartzell, of Carthage, for appellee.

JUSTICE HOMER delivered the opinion of the court:

Respondent, Kevin Hare, brought a petition requesting that the trial court modify the judgment of dissolution of marriage and joint parenting agreement, such that he would be named the residential parent. Following a hearing, the court modified the joint parenting agreement by naming respondent the residential parent and modifying visitation arrangements. Petitioner, Laurie McGillicuddy, appeals. We affirm.

## FACTS

Laurie McGillicuddy, f/k/a Laurie Hare, and Kevin Hare were married in 1986 and divorced in 1997. They have two children, 11-year-old Nicholas and 7-year-old Morgan. When the marriage was dissolved, both Kevin and Laurie lived in Macomb, Illinois. Pursuant to the joint parenting agreement, which was incorporated into the judgment for dissolution of marriage, Laurie was designated the residential parent. However, physical custody of the children was split evenly between the parties. The parties agreed that the children would stay with Laurie on Monday and Tuesday and with Kevin on Wednesday and Thursday. They alternated weekends including Fridays.

In 1998, Laurie married Mike McGillicuddy. Mike received a promotion to an office in Springfield, Illinois, in November 1998. In March 1999, the couple purchased a home in Springfield. The children remained in school in Macomb through the end of the 1998-99 school year. Laurie moved to Springfield in the summer of 1999 and enrolled the children in Springfield schools. The children began the 1999-2000 school year in Springfield.

Pursuant to article two of the joint parenting agreement, Kevin

petitioned the court to name him the residential parent, asserting that it was in the children's best interests to live with him in Macomb. At the hearing, Kevin testified that he has always been heavily involved in the care of the children, including attending parent-teacher conferences, doctor visits, and sports activities, as well as participating in the routine care of the children. He coached Nicholas' Little League team and helps with homework and school projects. He and the children go swimming, camping, fishing, and roller skating. The children have aunts, uncles, cousins and paternal grandparents who live in Macomb.

Laurie testified that the 50-50 custody arrangement had worked well. After moving to Springfield, Laurie offered generous visitation arrangements to Kevin. Laurie testified that both Morgan and Nicholas were happy at the Springfield schools. She testified that, if she remained the residential parent, she would give Kevin as much time as possible with the kids.

During an *in camera* interview, the trial judge asked the children if they would like to stay in Springfield with their mother and visit with their dad in Macomb on a regular basis or whether they would rather live in Macomb. Nicholas responded that he might want to stay in Macomb and that he did not have any friends in Springfield. Morgan said she would like to live in Macomb.

Nicholas' teacher in Springfield testified that he is very cooperative and gets along well with other students. The teacher testified that Nicholas did not have any adjustment problems in Springfield and he was performing at his grade level.

Kevin remarried in 1999, and his wife, Terry, testified that she has two children, who are 7 and 10 years old, and they get along great with the Hare children. She said she would welcome the Hare children into her home.

Laurie's husband, Mike, testified that he gets along well with the children. He has two children from a first marriage that get along well with the Hare children. He mentioned that Nicholas and Morgan had made friends in Springfield. The family enjoys activities on the weekend such as boating and golfing.

In making his decision, the trial judge stated that the children indicated a preference to stay in Macomb and that almost all of the children's family and friends were in Macomb. The judge found that the schools in Springfield are equal to those in Macomb. The trial judge stated that because stability was the primary goal in determining the children's best interests, he was granting Kevin's petition. The court denied Laurie's motion for reconsideration. She appeals contending that Kevin did not show by clear and convincing evidence that it was in the best interests of the children to modify custody.

## ANALYSIS

■ The standard of review for modification of a child custody order after a dissolution judgment becomes final is whether the modification is against the manifest weight of the evidence or constitutes an abuse of discretion. *In re Marriage of Engelbach*, 181 Ill. App. 3d 563, 570, 537 N.E.2d 372, 377 (1989).

Kevin brought this petition pursuant to article two of the joint parenting agreement, which provides as follows:

> "5. Should there be an occasion where the residential parent moves from McDonough County or indicates that such a move is forthcoming the naming of the residential parent shall be reconsidered and shall be decided by joint agreement of the parties, or if not agreed, determined according to the best interests of the children."

He contended that, since Laurie moved to Springfield, the naming of the residential parent should be reconsidered in light of the best interests of the children. Kevin asserted that it was in the children's best interests to live with him in Macomb because he was very involved in their lives and their schools, friends, and family were in Macomb.

■ Section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides in pertinent part:

> "The court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment *** that a change has occurred in the circumstances of the child or his custodian, or in the case of a joint custody arrangement that a change has occurred in the circumstances of the child or either or both parties having custody, and that the modification is necessary to serve the best interest of the child." 750 ILCS 5/610(b) (West 1998).

This statute reflects a legislative presumption in favor of the custodial parent. *Engelbach*, 181 Ill. App. 3d at 570, 537 N.E.2d at 377. Laurie asserts that as the named residential parent she was entitled to this presumption, citing *In re Marriage of Wycoff*, 266 Ill. App. 3d 408, 639 N.E.2d 897 (1994), in support of her argument.

In *Wycoff*, the mother and father shared joint custody with the mother being the physical custodian and the father having visitation rights. When the mother remarried and sought to move out of the county, the father filed a petition for sole custody. The trial court terminated joint custody and awarded sole custody to the father. The appellate court reversed noting that section 610 of the Act creates a presumption in favor of the present custodian. *Wycoff*, 266 Ill. App. 3d at 410, 639 N.E.2d at 900. "By creating a presumption in favor of the present custodian, the legislature in section 610 has sought to promote

a stability and continuity in the child's custodial and environmental relationships which is not to be lightly overturned." *Wycoff,* 266 Ill. App. 3d at 410, 639 N.E.2d at 900.

Laurie also relies on *In re Marriage of Good,* 208 Ill. App. 3d 775, 566 N.E.2d 1001 (1991), where this court determined that the father, the physical custodian of the children, was entitled to a presumption favoring the existing custodial arrangement, even though he received a job transfer to Michigan. The court noted that custodial parents should not be expected to give up careers for the sake of remaining in the same geographical area. *Good,* 208 Ill. App. 3d at 778, 566 N.E.2d at 1003.

■ We find that the instant case is factually distinguishable from *Wycoff* and *Good* because, here, the terms of the joint parenting agreement provided for reconsideration of the residential parent in the event that Laurie moved from McDonough County. By agreeing to those terms, Laurie waived the presumption in favor of the physical custodian implied in section 610 of the Act.

■ Accordingly, we need only determine whether the court's decision regarding the best interests of the children was against the manifest weight of the evidence. Section 602(a) of the Act sets out the relevant factors to be considered:

"(1) the wishes of the child's parent or parents as to his custody;

(2) the wishes of the child as to his custodian;

(3) the interaction and interrelationship of the child with his parent or parents, his siblings and any other person who may significantly affect the child's best interest;

(4) the child's adjustment to his home, school and community;

(5) the mental and physical health of all individuals involved;

(6) the physical violence or threat of physical violence by the child's potential custodian ***;

(7) the occurrence of ongoing abuse ***; and

(8) the willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child." 750 ILCS 5/602 (West 1998).

■ The record reflects that the trial judge considered all of these factors in making his ruling. Clearly, both Laurie and Kevin are good parents and wish to have custody of the children. The children have a wonderful relationship with both parents, but the court noted that the majority of the children's family and friends were in Macomb. Both children expressed a desire to live in Macomb. The judge found that the schools in Springfield were equal to those in Macomb and the record reflects that although the children were doing well in Springfield, the judge determined that they were better adjusted to the Macomb

schools. There are no indications that mental and physical health or physical abuse is an issue in the case *sub judice*. Finally, both parties were willing to promote a strong and continuing bond with the other parent.

It is always very difficult for a court to decide what is in the best interests of the children when they have two equally dedicated and loving parents. The case at bar is even more unusual because Kevin and Laurie were able to work out an admirable arrangement where they each spent an equal amount of time with the children. The trial judge indicated that stability was an important consideration in determining what was in the children's best interest and decided that living with Kevin in Macomb would best promote this interest. It is apparent that the court took all of the proper factors into consideration, and we cannot say that this decision regarding custody and visitation was against the manifest weight of the evidence.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of McDonough County is affirmed.

Affirmed.

LYTTON and KOEHLER, JJ., concur.