*In re* MARRIAGE OF TRACY L. FINDLAY, n/k/a Tracy L. Ostrem, Petitioner-Appellee, and TIMOTHY J. FINDLAY, Respondent-Appellant.

Second District  No. 3—97—0586

Opinion filed May 27, 1998.

William J. Scott, Jr., and Patricia A. Fox, both of Mirabella & Kincaid, P.C., of Wheaton, for appellant.

Tracy L. Findlay, of Marshall, appellee *pro se.*

JUSTICE DOYLE delivered the opinion of the court:

In this postdissolution proceeding, respondent, Timothy Findlay, appeals the dismissal of his complaint for a preliminary injunction against petitioner, Tracy Findlay, n/k/a Tracy Ostrem. Respondent sought to enjoin petitioner from removing the parties' children, of whom she has residential custody, from Naperville to Marshall, Il-

linois. The trial court ruled that it lacked jurisdiction to restrain petitioner's intrastate relocation.

On appeal, respondent argues that the parties' settlement agreement, incorporated into the dissolution judgment, authorizes the court to decide where the children are to reside if the parties cannot resolve that issue by agreement or conciliation. Respondent maintains that the court must preserve the status quo until it decides whether petitioner may remove the children to Marshall.

We hold that the trial court erred in dismissing the complaint for a preliminary injunction. We decide only that the court erred in deciding *as a matter of law* that it lacked jurisdiction over the complaint. Therefore, we reverse the dismissal order and remand the cause so the trial court may decide (1) whether petitioner's planned move is a matter the settlement agreement leaves for judicial resolution; and (2) if so, whether respondent should receive the preliminary injunctive relief he requests.

The dissolution judgment, entered November 12, 1996, gives the parties joint legal custody of their two children; petitioner has residential custody and respondent visitation custody. Article II of the settlement agreement addresses matters directly involving the children, including the allocation of custody. Paragraph 2 of article II states:

> "Each party will *** make day to day decisions regarding the children while they are in that party's custody. The parties will jointly decide matters of substance regarding the children, including, without limitation intended, important questions of education, religion, and elective medical care. In the event the parties are unable to agree on important decisions regarding the children, the parties shall first attempt to resolve the issue through conciliation ***. In the event the parties are unable to resolve the issue through conciliation *** the matter shall be resolved by a Court of appropriate jurisdiction."

The agreement does not otherwise address whether or when either party may move intrastate.

On June 3, 1997, respondent filed his complaint for a preliminary injunction, alleging the following facts. After the dissolution judgment, petitioner and the children lived in Naperville. Respondent consistently fulfilled his custody obligations. In March 1997, petitioner told him that she intended to move with the children to Terre Haute, Indiana, apparently to attend college. After respondent refused to consent to the move, petitioner told him she intended to move herself and the children to Marshall, just across the border from Terre Haute, by July 1, 1997. Marshall is a 3½-hour drive from

Naperville and a 4½-hour drive from respondent's office. Respondent again objected, and conciliation failed.

According to respondent, petitioner's threatened move would violate the settlement agreement by disrupting respondent's relationship with the children, thus undermining the joint custody arrangement. Respondent alleged that the dispute was a matter of substance directly involving the children, triggering the dispute resolution procedure of article II, paragraph 2. As conciliation had failed, the trial court was to decide whether petitioner could relocate the children as she wished.

Petitioner moved to dismiss the complaint for failure to state a cause of action (see 735 ILCS 5/2—615(a) (West 1996)) and for lack of subject matter jurisdiction (see 735 ILCS 5/2—619(a)(1) (West 1996)). According to petitioner, the complaint was legally insufficient because nothing prevented her from moving intrastate as long as she did not do so intending to frustrate respondent's visitation rights. She asserted the court could not grant the requested relief, which would amount to an impermissible modification of custody (see 750 ILCS 5/610 (West 1996)).

Without hearing evidence, the trial court dismissed the complaint, agreeing with petitioner that it had no authority to prohibit petitioner's move. Respondent timely appealed. Petitioner has not filed an appellate brief, but, as the record is relatively simple, we elect to decide the merits of the appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

Respondent argues that the trial court erred in dismissing the complaint because article II, paragraph 2, of the settlement agreement authorized it to decide whether petitioner could make the children reside relatively far from their former residence and from respondent. Respondent reasons that, even if a custodial parent does not normally need the court's permission to move within the state, she may bargain away that freedom by consenting to such a restriction in a marital settlement agreement. He asserts further that petitioner here did so, because her intended relocation is one of the "important decisions regarding the children" that she agreed could be subject to the court's review.

We agree with respondent that the settlement agreement could confer such a review power on the court. However, whether the agreement here did so is a factual issue that cannot be resolved without evidence of the parties' intent. Therefore, we hold that (1) the trial court erred in concluding *as a matter of law* that it lacked the authority to decide the dispute over petitioner's relocation; (2) whether the agreement authorizes the court to act here depends on the meaning

of the settlement agreement, an issue that must be decided on the available evidence of the parties' intent rather than by a motion to dismiss.

■ Generally, a custodial parent need not seek the court's permission to "remove" the children to a location within the state. *In re Marriage of Wycoff*, 266 Ill. App. 3d 408, 416 (1994). However, we are aware of no authority holding that the court lacks the *jurisdiction* to decide whether an intrastate move is in the children's best interests, where a valid settlement agreement calls for the court to decide the issue. If the parties have agreed to submit their dispute to the court for resolution, one party may hardly avoid what she bargained for as long as the agreement does not compromise the court's obligation to hold paramount the best interests of the children.

■ Parents may not bargain away the best interests of the children or bind the court to their own resolution of custody or support issues. *Blisset v. Blisset*, 123 Ill. 2d 161, 167-68 (1988); *In re Marriage of Sheetz*, 254 Ill. App. 3d 695, 698 (1993). However, that is not what the parties did here. They simply left it for the court (if need be) to decide what action would better serve the children's interests. The settlement agreement the court approved simply requires it to decide a matter of substantial interest to the children. This requirement may be enforced as may any other valid agreement term relating to support, custody, education, or other matters affecting the children.

Respondent could thus ask the court to decide a "matter of substance regarding the children." Respondent has not actually filed such a petition, but he has requested that the court enjoin petitioner from moving until the court decides whether to allow her to do so. Petitioner did not assert, and the trial court did not find, that respondent could not invoke the court's continuing jurisdiction over the case to obtain preliminary injunctive relief in anticipation of seeking permanent relief, *viz.*, a decision on whether petitioner may move to Marshall. Therefore, we see no reason the court may not enforce article II, paragraph 2, of the agreement by deciding an issue it covers.

The issue remains whether petitioner's planned move is the sort of issue the agreement subjects to judicial determination. To sustain the dismissal of respondent's complaint without an evidentiary hearing, we would have to conclude that, as a matter of law, the agreement does not give the court the power to decide whether to allow the move. However, we could so hold only if we determined that article II, paragraph 2, of the agreement unambiguously excludes this matter from judicial resolution. We cannot so conclude; rather, we believe

the agreement is ambiguous and that the court must receive evidence of the parties' intent.

■ A marital settlement agreement is a contract to which ordinary rules of contract interpretation apply. *In re Marriage of Wenc*, 294 Ill. App. 3d 239, 243 (1998). The principal rule is that a court must ascertain and effectuate the parties' intent. *Marriage of Wenc*, 294 Ill. App. 3d at 243. The language the parties used is the best guide to their intent. *In re Marriage of Frain*, 258 Ill. App. 3d 475, 478 (1994). If contract language is ambiguous, parol evidence of the parties' intent is admissible. *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 288 (1990). Whether contract language is ambiguous is a question of law. *Frydman v. Horn Eye Center, Ltd.*, 286 Ill. App. 3d 853, 858 (1997).

■ We believe that article II, paragraph 2, of the settlement agreement is ambiguous as applied here. Respondent observes that relocating the children some distance from their present home, even if still within Illinois, could substantially affect his relationship with them. Thus, he asserts that the proposed move is a "matter of substance regarding the children." Certainly, even a move within Illinois could substantially affect respondent's ability to fulfill his joint custody obligations. Also, the parties did submit the matter to the conciliator, although this may have only represented petitioner's view of what was practically necessary rather than a preexisting understanding that conciliation was required. There is a plausible argument that the dispute over the planned move triggers article II, paragraph 2.

However, there are plausible reasons to conclude otherwise. Unlike decisions about the children's education or medical care, petitioner's relocation directly involves her own career and lifestyle. Although the parties could easily have addressed this contingency directly, the agreement does not explicitly override the established presumptions that a custodial parent need not seek the court's permission to move intrastate and that " '[c]ustodial parents should not be expected to give up careers for the sake of remaining in the same geographical location.' " *Wycoff*, 266 Ill. App. 3d at 416, quoting with approval *In re Marriage of Good*, 208 Ill. App. 3d 775, 778 (1991).

In these unclear circumstances, we believe the trial court erred in ruling as a matter of law that it could not entertain respondent's complaint. Thus, we reverse its judgment and remand for further proceedings. If the court concludes that the parties intended the agreement to embrace the controversy here, it may then decide the complaint on its merits.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER, P.J., and McLAREN, J., concur.