No. 2--02--0878      _________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

CHRISTOPHER J. BRAZAS,       ) Appeal from the Circuit Court

                                )  of Kane County

Plaintiff-Appellant,    ) 

  ) 

v.  ) No. 97--MR--439

                                ) 

PROPERTY TAX APPEAL BOARD,      ) 

HOMER HENKE, CHARLES CAIN,      )

SHARON U. THOMPSON, MAX E.      )

COFFEY; THE KANE COUNTY BOARD   )

OF REVIEW, DUANE SUNDERLAGE,    )

F. SPREIT, J. ORIN; and         )

BURLINGTON TOWNSHIP ASSESSOR,   )

DIANE WECK,                     )  Honorable

                                )  Patrick J. Dixon,

Defendants-Appellees.  )  Judge, Presiding.

_________________________________________________________________

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The plaintiff, Christopher J. Brazas, appeals 
pro
 
se
 from the June 6, 2001, order of the circuit court of Kane County affirming the decision of the Property Tax Appeal Board (PTAB).  In its decision, the PTAB held that the subject property, a single-family dwelling in Kane County owned by the plaintiff, should receive an improvement assessment for 1996.  On appeal, the plaintiff argues that (1) the PTAB erred in determining that the plaintiff's improvement to his property was substantially complete and (2) the assessment violated his constitutional right to equal protection since other similarly situated improved properties did not receive an improvement assessment for 1996.  We affirm.       

The plaintiff is the owner of the subject property, a recently constructed, 3,356-square-foot single-family home, located in Burlington Township, Kane County.  Construction of the home began in 1992.  On August 26, 1996, construction was complete and the plaintiff received an occupancy permit.  Diane Weck, the Burlington Township assessor, inspected the home on October 11, 1995, and determined that it was approximately 80% complete.  As such, she assessed the value of the home, as of January 1, 1996, at 80% of the value of the house when complete. 

The plaintiff filed a complaint concerning the assessed valuation with the Kane County Board of Review (Board of Review).  The Board of Review held a hearing and confirmed the assessment.  The plaintiff then filed an appeal with the PTAB.  In that appeal, the plaintiff argued that under section 9--180 of the Property Tax Code (35 ILCS 200/9--180 (West 1996)), the pro-rata valuation of his home was improper.  Section 9--180 of the Property Tax Code provides in pertinent part:

"The owner of property on January 1 also shall be liable, on a proportionate basis, for the increased taxes occasioned by the construction of new or added buildings, structures or other improvements on the property from the date when the improvement was substantially completed or initially occupied or initially used, to December 31 of that year."  35 ILCS 200/9--180 (West 1996).  

Thus, the plaintiff argued that, pursuant to section 9--180, his home should not be subject to an assessment because it was only 60% complete as of January 1, 1996, which does not satisfy the "substantially complete" requirement of section 9--180.  Furthermore, his home was not "initially occupied or initially used" until the occupancy permit was issued in August. 

Additionally, the plaintiff produced evidence taken from a newspaper article of a list of three nearby properties.  One property had a completed construction date of August 1996, one had a completed construction date of September 1996, and the third indicated a construction start date of late December 1995.  The evidence also indicated that the properties did not have improvement assessments for the 1996 tax year.  Thus, the plaintiff argued that he was unequally taxed.

At a hearing before the PTAB, the assessor testified that when she inspected the home on October 11, 1995, it was her determination that it was 80% complete.  As a result of this, the home was assessed at 80% of its value as of January 1, 1996.  The assessor further testified that properties completed through July 1996 were prorated for the 1996 assessment year, and properties completed after that date were assessed as of January 1, 1997.  The assessor also testified that the comparable properties the plaintiff refers to as having no improvement assessment were either complete after July of the assessment year or the improvements were started and finished within a year.  The assessor explained that she normally does not make an assessment on a property if the improvement is completed within a year.  However, the assessor also explained that the plaintiff's home was an exception to the July 1996 partial assessment schedule, and was given an 80% assessed value for the 1996 tax year because it was roofed and enclosed since 1994.  Additionally, a closing had taken place on the home and the assessor felt that it had market value.

The PTAB issued its decision on November 14, 1997.  The PTAB found that the evidence indicated that the plaintiff's home was substantially complete as of the assessment date of January 1, 1996.  As such, the PTAB upheld the decision of the Board of Review and found the valuation and the 1996 improvement assessment of the plaintiff's home to be proper. 

On December 18, 1997, the plaintiff filed a complaint in the circuit court of Kane County for administrative review of the PTAB's decision.  In his complaint the plaintiff argued that (1) the PTAB erred in determining that the plaintiff's improvement to his property was substantially complete and (2) the assessment violated his constitutional right to equal protection since other similarly situated improved properties did not receive an improvement assessment for 1996.  The PTAB moved to dismiss the complaint because the plaintiff had failed to serve the PTAB with summons.  On July 9, 1998, the trial court granted the PTAB's motion to dismiss the appeal.  On appeal, this court reversed the dismissal and remanded the cause to the circuit court for further proceedings.  See 
Brazas  v. Property Tax Appeal Board
, 309 Ill. App. 3d 520, 530 (1999).

Upon remand, the PTAB filed its response brief.  In its brief, the PTAB argued that the plain language of section 9--180 of the Property Tax Code (35 ILCS 200/9--180 (West 1996)) indicates that a proportional rather than a total exemption is appropriate for residences that are partially completed at the beginning of the assessment year.  

On June 6, 2001, following a hearing, the trial court entered an order upholding the PTAB's final administrative decision.  In its order, the trial court found that the case of 
Long Grove Manor v. Property Tax Appeal Board
, 301 Ill. App. 3d 654 (1998), was controlling and, therefore, the assessor was authorized to assess the plaintiff's improvement to the extent it added value to the property.  After the denial of his motion to reconsider, the plaintiff filed a timely notice of appeal.  

Our review of this case is governed by the Administrative Review Law (735 ILCS 5/3--101 
et
 
seq.
 (West 1996)).  This court reviews decisions of the PTAB, not the decision of the circuit court.  
Metropolitan Airport Authority of Rock Island County v. Property Tax Appeal Board
, 307 Ill. App. 3d 52, 55 (1999).  As in other administrative review actions, the PTAB's findings and conclusions on questions of fact are deemed 
prima
 
facie
 true and correct and will not be disturbed unless they are contrary to the manifest weight of the evidence.  
Metropolitan Airport Authority
, 307 Ill. App. 3d at 55.  The PTAB's conclusions of law are subject to 
de
 
novo
 review.  
Metropolitan Airport Authority
, 307 Ill. App. 3d at 55.          

The plaintiff's first argument on appeal is that the PTAB erred in determining that his house was substantially complete.  The plaintiff argues that a house is substantially complete if the owner can occupy or utilize the home for its intended purpose.  The plaintiff argues that he was not able to use his home for its intended purpose until the occupancy permit was issued in August 1996.  Therefore, the plaintiff argues that his house was not substantially complete as required by section 9--180 of the Property Tax Code (35 ILCS 200/9--180 (West 1996)) and should not have been assessed for the 1996 tax year.

We agree with the trial court that the case of 
Long Grove Manor v. Property Tax Appeal Board
, 301 Ill. App. 3d 654 (1998), is controlling.  In 
Long Grove Manor
, the petitioner argued that the improvement to his property should not be assessed because he did not satisfy the conditions of section 9--180 of the Property Tax Code.  In that case, the 1994 version of section 9--180 applied.  The 1994 version required the property to be substantially complete 
and
 initially occupied.  
Long Grove Manor
, 301 Ill. App. 3d at 655-56, citing 35 ILCS 200/9--180 (West 1994).  The petitioner agreed that his improvement was substantially complete but argued that, since it was not initially occupied, it should not have been assessed for any amount in 1995.  
Long Grove Manor
, 301 Ill. App. 3d at 655. 

On appeal, the 
Long Grove Manor
 court found that the assessment of the petitioner's improvement was proper under section 9--160 of the Property Tax Code, which provided in relevant part:

"On or before June 1 in each year other than the general assessment year *** the assessor shall list and assess all property which becomes taxable and which is not upon the general assessment, and also make and return a list of all new or added buildings, structures or other improvements of any kind, the value of which had not been previously added to or included in the valuation of the property on which such improvements have been made, specifying the property on which each of the improvements has been made, the kind of improvement and the value which, in his or her opinion, has been added to the property by the improvements.  The assessment shall also include or exclude, on a proportionate basis in accordance with the provisions of Section 9--180, all new or added buildings, structures or other improvements, the value of which was not included in the valuation of the property for that year, and all improvements which were destroyed or removed."  35 ILCS 200/9--160 (West 1996).

Long Grove Manor
, 301 Ill. App. 3d at 657.

The 
Long Grove Manor
 court explained:

"Here, section 9--160 requires the assessor to record any new improvements and to determine the value they have added to the property.  By its terms, section 9--180, applies only after a building has been substantially completed and initially occupied.  Reading these two sections together, section 9--160 clearly requires the assessor to value any substantially completed improvements to the extent that they add value to the property.  Section 9--180 then defines the time when the improvement can be fully assessed.  This occurs when the building is both substantially completed and initially occupied."  
Long Grove Manor
, 301 Ill. App. 3d at 656-57. 

As such, the 
Long Grove Manor
 court held that, in accordance with section 9--160, the petitioner's improvement was properly assessed based on the value it added to the property.  
Long Grove Manor
, 301 Ill. App. 3d at 657. 

In relying on 
Long Grove Manor
, we note that some of the
 court's comments are confusing and require additional clarification.  On the one hand, the 
Long Grove Manor
 court stated that section 9--160 requires the assessor to "record any new improvements and to determine the value they have added to the property."  
Long Grove Manor
, 301 Ill. App. 3d at 656-57. 
 
However, two sentences later the court stated that section 9--160 requires the assessor to "value any 
substantially completed
 improvements to the extent that they add value to the property."  (Emphasis added.)  
Long Grove Manor
, 301 Ill. App. 3d at 657.  Nonetheless, the court explained that due to its reliance on section 9--160, and the fact that the petitioner's home was not fully assessed, the court did not need to determine whether the improvement was 
substantially complete
.  
Long Grove Manor
, 301 Ill. App. 3d at 657.
  
Based on these contradictory statements, we clarify that 
Long Grove Manor
 stands for the principle that section 9--160 allows the assessor to value any partially completed improvement to the extent that it adds value to the property, regardless of whether the improvement is "substantially complete."  Furthermore, section 9--180 addresses when the assessor is allowed to fully assess the improvement, 
i.e.
, when it is "substantially completed or initially occupied or initially used."  35 ILCS 200/9--180 (West 1996).    

Accordingly, as in 
Long Grove Manor
, we believe
 that the PTAB properly assessed the property at issue herein.  Section 9--160 of the Code requires the assessor to value any improvements to the extent that they add value to the property.  
Long Grove Manor
, 301 Ill. App. 3d at 657.  In this case, the assessor testified that based on her experience, what she read, and from speaking to others, the plaintiff's subject property was 80% complete.  She believed the plaintiff's property was substantially complete because it had been roofed and enclosed since 1994.  The assessor then consulted the residential cost book and calculated the cost of replacing the dwelling as if 100% complete.  The assessor then calculated 80% of this value to arrive at the partial assessed value for the January 1, 1996, assessment.  The assessor found that, even though the home was not complete, it did have market value.  T
his procedure complied with section 9--160.  See 
Long Grove Manor
, 301 Ill. App. 3d at 657.  The home was assessed based on the value it added to the property but was not fully assessed. 

On administrative review, this court may affirm an agency's decision on any basis appearing in the record.  
Rainbow Apartments v. Property Tax Appeal Board
, 326 Ill. App. 3d 1105, 1109 (2001).  As such, we need not address whether the PTAB correctly determined that the plaintiff's home was substantially complete.  See 
Long Grove Manor
, 301 Ill. App. 3d at 657.  Accordingly, we hold that based on section 9--160 of the Property Tax Code the PTAB's decision was not against the manifest weight of the evidence.  See  
Metropolitan Airport Authority
, 307 Ill. App. 3d at 55.     

The plaintiff also contends on appeal that, although his improvement was assessed at market value for the 1996 tax year, other similarly situated properties with partially completed improvements were not assessed for the improvements for the 1996 tax year.  The plaintiff claims that this violates his constitutional right to equal protection. 

We note initially that the plaintiff does not support this contention with any relevant citations of authority.  As such, this argument is waived.  See 
Scoggin v. Rochelle Community Hospital
, 176 Ill. App. 3d 648, 650 (1988) (arguments not supported by relevant legal authority are waived).  Nonetheless, even absent waiver, we believe that the plaintiff has not provided sufficient evidence to establish that his constitutional right to equal protection has been violated.  

The threshold inquiry in equal protection analysis is whether similarly situated persons are treated dissimilarly.  
Du Page Bank & Trust Co. v. Property Tax Appeal Board
, 151 Ill. App. 3d 624, 628 (1986).  The United States Supreme Court has held that the states may classify property for taxation purposes, provided equality is accorded to all members of the same class.  
Du Page Bank
, 151 Ill. App. 3d at 628-29.  The Illinois Supreme Court has also noted that the power of the legislature to make classifications, particularly in the field of taxation, is very broad, and the fourteenth amendment imposes no "iron rule" of equal taxation.  
Du Page Bank
, 151 Ill. App. 3d at 629, quoting 
Department of Revenue v. Warren Petroleum Corp.
, 2 Ill. 2d 483, 489-90 (1954).  Further, wide latitude must be given to administrative agencies in fulfilling their duties.  
Lake County Board of Review v. Property Tax Appeal Board
, 119 Ill. 2d 419, 428 (1988).  Administrative officers may validly exercise discretion to accomplish in detail what is legislatively authorized in general terms.  
Lake County
, 119 Ill. 2d at 428.    

Moreover, where a taxpayer alleges a constitutional violation of unequal taxation, the taxpayer bears the burden to come forward with evidence demonstrating that its rights have been violated.  
Du Page County Board of Review v. Property Tax Appeal Board
, 284 Ill. App. 3d 649, 652 (1996).  To meet its burden, the taxpayer must present evidence demonstrating that its property was similarly situated to the other property that was not equally assessed.  
Kankakee County Board of Review v. Property Tax Appeal Board
, 131 Ill. 2d 1, 21-22 (1989).  

In the case at bar, the plaintiff produced evidence taken from a newspaper article of a list of three nearby properties.  One of the properties had an improvement completed in September 1996, one had an improvement completed in August 1996, and the third had an improvement started in late December 1995.  None of these three properties received an improvement assessment for the 1996 tax year.  However, the plaintiff has failed to show that his property was similarly situated to these reference properties.  The plaintiff did not produce evidence that the level of completion of the improvements on the referenced properties on January 1, 1996, was similar to the level of completion on his property on that date or that the referenced properties had a similar increase in market value as of January 1, 1996.  Consequently, the plaintiff has failed to prove that the assessment of his property was a violation of equal protection.  See 
Kankakee County
, 131 Ill. 2d at 21-22.  As such, we cannot say that the decision of the PTAB was against the manifest weight of the evidence.  See 
Metropolitan Airport Authority
, 307 Ill. App. 3d at 55.         

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.                  

O'MALLEY and GROMETER, JJ., concur.